IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERNEST MILLER,

        Plaintiff,                                    CV F 03 6495 OWW WMW P

   vs.                                                      ORDER DISMISSING COMPLAINT
                                                      WITH LEAVE TO AMEND

MS. CARR,

        Defendant.

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the original complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections at High Desert State Prison, brings this civil rights action against defendant Carr, a Library Clerk at Delano State Prison.

        Plaintiff's sole claim in this complaint is that defendant denied him access to the law library.  Specifically, plaintiff arrived at Delano on June 17, 2003, and requested library access on June 19, 2003.  Plaintiff did not receive access to the law library, and again requested library access n June 27, 2003.  Plaintiff alleges that he "missed a deadline" on July 9, 2003.

        Because states must ensure indigent prisoners meaningful access to the courts, prison officials are required to provide either (1) adequate law libraries, or (2)

1  adequate assistance from persons trained in the law.  Bounds v. Smith, 430 U.S. 817, 828 (1977).
2  Under prior law, Bounds was treated as establishing "core requirements," such that a prisoner
3  alleging deprivation of the Bounds minima need not allege actual injury to state a constitutional
4  claim.  Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).  Recent Supreme Court precedent
5  abolishes such approach, however, providing that all inmate claims for interference with access
6  to the court include "actual injury" as an element.  Casey v. Lewis, 518 U.S.343  (1996).

7           To establish a Bounds violation, a prisoner must show that his prison's law library
8  or legal assistance program frustrated or impeded his ability to pursue a nonfrivolous legal claim.
9  Casey, supra, 518 U.S. 343, 347.  The right of access does not require the State to "enable the
10 prisoner to discover grievances" or to "litigate effectively once in court."  The Casey Court
11 further limits the right of access to the courts, as follows:

12           Finally, we must observe that the injury requirement is not
             satisfied by just any type of frustrated legal claim .... Bounds does
13           not guarantee inmates the wherewithal to transform themselves
             into litigating engines capable of filing everything from
14           shareholder derivative actions to slip-and-fall claims.  The tools it
             requires to be provided are those that the inmates need in order to
15           attack their sentences, directly or collaterally, and in order to
             challenge the conditions of their confinement.  Impairment of any
16           other litigating capacity is simply one of the incidental (and
             perfectly constitutional) consequences of conviction and
17           incarceration.

18 Casey, supra, 518 U.S. at 346.

19           Here, the court finds the allegations to be vague as to injury.  That plaintiff
20 missed a deadline does not, of itself, constitute a violation within the meaning of Casey.
21 Plaintiff does not indicate what he filed, or the basis of any denial.  Further, plaintiff names Ms.
22 Carr as a defendant, but does not refer to any conduct by her in his statement of facts.  Plaintiff
23 must charge a named defendant with specific conduct.  Here, there are no facts alleged that
24 indicate what conduct defendant engaged in.

25           The statute plainly requires that there be an actual connection or link between the
26

actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The court finds the allegations in plaintiff's complaint vague and conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an

1  amended complaint be complete in itself without reference to any prior pleading.  This is
2  because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux
3  v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
4  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
5  original complaint, each claim and the involvement of each defendant must be sufficiently
6  alleged.
7              In accordance with the above, IT IS HEREBY ORDERED that:
8              1. Plaintiff's complaint is dismissed; and
9              2. Plaintiff is granted thirty days from the date of service of this order to file a
10 first amended complaint that complies with the requirements of the Civil Rights Act, the Federal
11 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
12 docket number assigned this case and must be labeled "First Amended Complaint."  Failure to
13 file an amended complaint in accordance with this order will result in a recommendation that this
14 action be dismissed.
15
16 IT IS SO ORDERED.
17 **Dated:   April 25, 2006**               **/s/  William M. Wunderlich**
   mmkd34                                 UNITED STATES MAGISTRATE JUDGE